UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS NUNEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 6:04-cv-1139-Orl-19JGG
(6:02-cr-126-Orl-19JGG)

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Luis Nunez (Doc. No. 1). The Government filed a timely response (Doc. No. 3) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 13) to the Government's response.

Petitioner alleges four claims for relief in his motion: first, that he was wrongfully denied a sentence reduction under the safety valve; second, that a two point enhancement for obstruction of justice was wrongfully applied to him; third, that he received ineffective assistance of counsel; and fourth, that he is entitled to credit for the nine months he spent incarcerated in the Dominican Republic.

### *Procedural History*

Petitioner and several other individuals were charged by indictment with the commission of various crimes (Criminal Case No. 6:02-cr-126-Orl-19JGG, Doc. No. 42, filed August 28, 2002).[1]

---

[1] Hereinafter Criminal Case No.6:02-cr-126-Orl-19JGG will be referred to as "Criminal Case."

Petitioner was charged with conspiracy to possess with intent to distribute MDMA (count one) and possession with intent to distribute MDMA (count two). On September 27, 2002, pursuant to a written plea agreement (Criminal Case Doc. No. 64), Petitioner entered a plea of guilty to count one of the indictment before United States Magistrate Judge James G. Glazebrook and was released on bond. *See* Criminal Case Doc. No. 63. Magistrate Judge Glazebrook entered a Report and Recommendation that the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly (Criminal Case Doc. No. 69). On September 30, 2002, the district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 71).

On November 21, 2002, the Pretrial Service Officer filed a petition (Criminal Case Doc. No. 107) requesting that a warrant be issued for Petitioner's arrest because he had absconded. A warrant was issued (Criminal Case Doc. No. 108), and Petitioner was eventually located in the Dominican Republic. Pursuant to the Government's extradition request, Petitioner was returned to this district on December 5, 2003 (Criminal Case Doc. No. 184). On January 27, 2004, he was sentenced to an 86 month term of imprisonment (Criminal Case Doc. No. 196).[2] Petitioner did not file a direct appeal of his conviction or sentence.

***Claims One and Two***

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 125 S. Ct. 167

---

[2]Count two of the indictment was dismissed on the motion of the United States. *See* Criminal Case Doc. No. 196.

(2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995).  However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct appeal or (b)  "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise claims one and two on direct appeal. Furthermore, he has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal.  Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception.  A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise these claims on direct appeal constitutes a waiver and bars him from raising claims one and two now.

*Claim Three*

Petitioner contends that he received ineffective assistance of counsel because his attorney failed to appeal his conviction and sentence.  In his reply to the Government's response (Doc. No. 13), Petitioner appears to have abandoned this claim. *See id*. at 2.  Therefore, claim three is denied as moot.[3]

*Claim Four*

---

[3]Furthermore, the claim is also subject to denial on the merits.  The record reflects that Petitioner waived his right to collaterally challenge his conviction and sentence, and this waiver includes ineffective assistance of counsel claims (Criminal Case Doc. No. 64 at 13).  Thus, the waiver precludes Petitioner from prevailing on this claim. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (determining that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant raising, in a collateral proceeding, ineffective assistance of counsel during sentencing).

Petitioner argues that he is entitled to credit on his sentence for the time he was incarcerated in the Dominican Republic pending his extradition to this district. However, this claim is not cognizable under § 2255.

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Thus, a federal prisoner may only obtain relief under § 2255 if his or her sentence (a) was imposed in violation of the Constitution or federal laws, (b) was imposed by a court without jurisdiction to do so, (c) was in excess of the maximum permitted by the law, or (d) is otherwise subject to attack. Petitioner has not shown the applicability of any of these four grounds in this claim. Therefore, claim four is not cognizable under § 2255 and must be denied.[4]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[4] The Court notes that Petitioner may challenge the execution of his sentence by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) ("Section § 2255 is the primary means of collaterally attacking a federal sentence. Section § 2241 is used to attack the manner in which a sentence is executed.") (citations omitted). However, a § 2241 petition must be brought in the court that has territorial jurisdiction over Petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255) filed by Luis Nunez (Doc. No. 1 is **DENIED**, and this case is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:02-cr-126-Orl-19JGG and to terminate the pending motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 209) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this _20th____ day of July, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 7/20
Luis Nunez
Counsel of Record

5